

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2003

# Reagle v. Elliott

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1230

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Reagle v. Elliott" (2003). *2003 Decisions.* Paper 137.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/137

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1230

DANIEL C. REAGLE, individually and as owner of
REAGLE ENTERPRISES, INC., t/a DAN'S PLUMBING,
Appellant
v.

WILLIAM J. ELLIOTT, ALBERT C. KALMITZ, JOHN DOE
(a fictitious name designating a person of unknown identity), ROBERT
K. THOMPSON, in their official and individual capacities, DIVISION
OF TAXATION- DEPARTMENT OF THE TREASURY OF THE
STATE OF NEW JERSEY

.
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 02-cv–01579)

District Judge:  Honorable Mary Little Cooper
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 4, 2003
Before:  McKEE, SMITH and WEIS, Circuit Judges.
(Filed: November 5, 2003)
_____

OPINION
_____

1

WEIS, Circuit Judge.

Plaintiff is a Pennsylvania resident who operates a plumbing business. While his firm was working on a job in Phillipsburg, New Jersey, employees of the Division of Taxation of the New Jersey Department of the Treasury imposed an assessment for tax due on his supplies. Plaintiff alleges that the employees of the Tax Division used threatening and abusive language in demanding immediate payment of $2,200 in sales and use tax and corporate business tax. At great inconvenience to himself and his business, plaintiff paid the assessed tax that day.

Rather than take an appeal to the New Jersey Tax Court, plaintiff filed suit in the District Court of New Jersey under 42 U.S.C. § 1983, alleging violation of his constitutional rights. The District Court dismissed the claims against the Tax Division on Eleventh Amendment grounds. The district judge also applied the Eleventh Amendment to dismiss the monetary claims against the individuals in their official capacities.

In disposing of other claims and as additional grounds for dismissal, the court relied on the Tax Injunction Act, 28 U.S.C. § 1341 and principles of federal-state comity. The Act bars a federal court from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under state law" if state law provides "a plain, speedy and efficient remedy."

The doctrine of comity in state tax disputes was explained at length in Fair Assessment in Real Estate Association, Inc. v. McNary, 454 U.S. 100 (1981). As the

2

Supreme Court explained, in passing the Act, Congress intended that the legislation prohibit federal courts from issuing not only injunctive, but declaratory relief as well. Although suits for damages under section 1983 were not mentioned in the Act, the Court stated that the very maintenance of such suits "would intrude on the enforcement of the state [taxation] scheme" and have a "chilling effect" on officials enforcing the tax laws. Id. at 114-15.

The Supreme Court held that "taxpayers are barred by the principle of comity from asserting section 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate and complete, and may ultimately seek review of the state decisions in this Court." Id. at 116.

In the case before us, the District Court found, and we agree, that New Jersey law provides judicial process and adequate remedies through appeal to its Tax Court, and from there to the Appellate Division of its Superior Court. In this context, we note that questions raised by the plaintiff about the interpretation of the New Jersey statute and the efficacy of the procedures to carry it out are particularly the province of state, rather than federal, courts.

We can understand that, if established, the alleged overbearing conduct on the part of the state employees would cause substantial aggravation to victimized citizens. The complaint is not a new one. In his litany of "slings and arrows of outrageous

3

fortune," Hamlet included "[t]he insolence of office."  William Shakespeare, <u>Hamlet</u>, act 3, sc.1.  Federal courts, however, are not the proper forum for resolving such matters in circumstances such as those here.

Accordingly, the judgment will be affirmed for essentially the reasons stated in the opinion of the District Court.

_____

TO THE CLERK:

      Please file the foregoing Opinion.


                /s/ Joseph F. Weis, Jr.
                Circuit Judge